IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Norma D. Lane, | C/A No.: 0:22-1025-MGL-SVH |
| Plaintiff, | |
| vs. | |
| Gabrielle Renoir-Large and Dana Delaney Matthews, | REPORT AND RECOMMENDATION |
| Defendants. | |

Norma D. Lane ("Plaintiff"), a South Carolina resident, sues a mother and son, Ohio residents, alleging that they posted untrue statements about Plaintiff on their website, stating that she both attempted murder and committed murder.

Plaintiff, proceeding pro se, asserts negligence and defamation claims against Gabrielle Renior-Large ("Renior-Large") and Delaney Matthews ("Matthews"), who is alleged to be Renior-Large's son (collectively, "Defendants").[1]

This matter comes before the court on Defendants' motion to dismiss, brought pursuant to Fed. R. Civ. P. 12(b)(2), 12(b)(3), 12(b)(5), and 12(b)(6). [ECF No. 14]. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975),

---

[1] Plaintiff's complaint also lists in the caption that she asserts claims for intentional infliction of emotional distress and assault. [ECF No. 1 at 1]. However, the parties do not address, nor even reference, these claims in briefing. [*See* ECF Nos. 14, 21, 23].

the court advised Plaintiff of the dismissal procedures and the possible consequences if she failed to respond adequately to Defendants' motion. [ECF No. 17]. The motion having been fully briefed [ECF Nos. 21, 23], it is ripe for disposition.

Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), this matter has been assigned to the undersigned for all pretrial proceedings. Having carefully considered the parties' submissions and the record in this case, the undersigned recommends the district judge deny without prejudice Defendants' motion to dismiss, allow Plaintiff 30 days to properly serve Defendants, and transfer this case to the United States District Court for the Southern District of Ohio.

I.  Factual and Procedural Background

Plaintiff alleges she has been a resident of South Carolina since July 12, 2012, and that prior to that time, she resided in Charlotte, North Carolina, for approximately twelve years, working and caring for her aging mother. [ECF No. 1 at 1]. Plaintiff alleges Defendants, who are residents of Columbus, Ohio, "have stalked and harassed me for years over the Internet and via telephone calls, even calling my work place and accusing me of stealing from my company." *Id.* at 1, 4.

Plaintiff alleges Defendants share a residence, phone numbers, home computer, and websites, including a blog named The Johnny Mathis

2

Appreciation Society. *Id.* at 5. Plaintiff alleges that in February 2022, the blog was public, although it is now private. *Id.* at 5–6.

On March 1, 2022, Plaintiff alleges that Renior-Large posted "untrue statements accusing the Plaintiff of attempting to murder [Renior-Large's] ex-husband Carl Ransbottom and also accused the Plaintiff of murdering her own mother for money." *Id.* at 5. Several of Plaintiff's friends sent her screenshots of the comments. *Id.*

Plaintiff states she sent an "intent to sue" letter to Renior-Large, identifying the following defamatory statement she allegedly made:

> Someone matching Lane's description actually made the trip from Charlotte NC to Celina Ohio and paid an unwelcome visit to Mr. Ransbottom, with the intent to force him to sign the "dying declaration" at any cost. When he went into cardiac arrest and orderly ran to his room and found Lane hovering over him, forcing a pen into his hand. Land had turned the oxygen off and was squeezing the IV tubes into a knot.

*Id.* Plaintiff states she is a notary in the state of South Carolina and depends on her good reputation and name. *Id.* at 6.

II. Discussion

    A.    Service of Process under Fed. R. Civ. P. 12(b)(5)

The court has the discretion to dismiss a case under Fed. R. Civ. P. 12(b)(5) for insufficient service of process. *Reinhold v. Tisdale*, C/A No. 8:06-3311-MBS-BHH, 2007 WL 2156661, at *3 (D.S.C. Apr. 30, 2007) (citing *Dimensional Commc'ns, Inc. v. OZ Optics, Ltd.*, 218 F. Supp. 2d 653, 655

3

(D.N.J. 2002)). "When personal jurisdiction is challenged as a result [of] alleged improper service, '[a] trial court may consider evidence by affidavit, depositions or live testimony without converting the proceeding to one for summary judgment.'" *Lail v. United States*, C/A No. 3:11-0977-TLW-TER, 2012 WL 3779386, at *6 (D.S.C. Aug. 10, 2012) (citing *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)). When a defendant challenges the manner or sufficiency of service of process, "[t]he plaintiff bears the burden of establishing that the service of process has been performed in accordance with the requirements of Federal Rule of Civil Procedure 4." *Elkins v. Broome*, 213 F.R.D. 273, 275 (M.D.N.C. 2003) (citing *Plant Genetic Sys., N.V. v. Ciba Seeds*, 933 F. Supp. 519, 526 (M.D.N.C. 1996)).

Fed. R. Civ. P. 4(e)(2) provides that a plaintiff must serve an individual defendant by delivering a copy of the summons and complaint to the individual personally, leaving a copy of each document at the individual's dwelling or usual place of abode and with a resident of suitable age and discretion, delivering a copy of each document to an agent authorized by appointment or law to receive service or process, or according to the law of the state in which the district sits. The South Carolina Rules of Civil Procedure allows an individual to be served by certified mail as follows:

> Service of a summons and complaint upon a defendant . . . may be made by the plaintiff or by any person authorized to serve process pursuant to Rule 4(c), including a sheriff or his deputy, *by*

4

> *registered or certified mail, return receipt requested and delivery restricted to the addressee . . . .*

S.C.R.C.P. 4(d)(8) (emphasis added).

A review of Plaintiff's affidavit of service indicates that she used the United States Postal Service certified mail. [ECF Nos. 11, 19]. However, her certified mail receipt does not indicate a return receipt or indicate delivery was restricted to the addressee. *See id.* Plaintiff has submitted evidence that she was informed by the United States Postal Service, at the time of delivery, that "[t]he carrier on this route signed for the letter and placed it in the customers mailbox," pursuant to COVID-19 procedures. [ECF No. 21-1 at 2; *see also* ECF No. 19 including a signature from "D. Matthews," in addition to an illegible signature]. Based on the above, Plaintiff has not carried her burden to show that service of process was correctly made on these Defendants.[2]

District courts have broad discretion to extend time for service under Fed. R. Civ. P. 4(m). *See, e.g., Gelin v. Shuman*, 35 F.4th 212, 214 (4th Cir. 2022) ("we vacate the district court's order of dismissal because we conclude that Rule 4 (m) confers discretion on district courts to extend the time period

---

[2] As noted by Defendants, "[t]he State of Ohio allows for service of process by certified mail; however, Ohio requires that the Clerk must deliver a copy of the process to be served to the United States Postal Service to be effective." [ECF No. 14-1 at 3 (citing Ohio Civ. R. P. 4.1)].

5

for service even when good cause has not been shown."). The rule provides, in relevant part, as follows:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

Considering Plaintiff's good faith attempt to serve Defendants, her pro se status, and the lack of prejudice to Defendants, as well as the fact that Defendants have actual notice of the lawsuit and have been able to defend themselves in this action, the undersigned declines to recommend dismissal pursuant to Fed. R. Civ. P. 4(m) and, instead, recommends Plaintiff be permitted 30 days to properly serve Defendants.

  B. Personal Jurisdiction under Fed. R. Civ. P. 12(b)(2)

Defendants seek dismissal of the instant suit for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2). When a district court decides a pretrial motion to dismiss for lack of personal jurisdiction without an evidentiary hearing, "the plaintiff need prove only a prima facie case of personal jurisdiction." *Mylan Lab., Inc. v. Akzo, N.V.*, 2 F.3d 56, 60 (4th Cir. 1993). "In deciding whether the plaintiff has proved a prima facie case of personal jurisdiction, the district court must draw all reasonable inferences

arising from the proof, and resolve all factual disputes, in the plaintiff's favor." *Id.*

Specific personal jurisdiction exists "[w]hen a controversy is related to or 'arises out of' a defendant's contacts with the forum." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984). Determining whether it exists involves a two-part analysis. *Id.* at 412–13. First, the court must determine whether the defendant falls within the meaning of the forum state's long-arm statute. *Anita's N.M. Style Mexican Food, Inc. v. Anita's Mexican Foods Corp.*, 201 F.3d 314, 317 (4th Cir. 2000). If so, the court must consider whether exercising jurisdiction is consistent with the Fourteenth Amendment's due process requirement. *Id.* at 318.

The South Carolina Supreme Court has held the state's long-arm statute is coextensive with the due process clause. *Cockrell v. Hillerich & Bradsby Co.*, 611 S.E.2d 505, 508 (S.C. 2005). Accordingly, the sole question before the court is whether Plaintiff's assertion of jurisdiction complies with the constitutional requirements of due process.

For a district court to exercise personal jurisdiction consistent with due process, the defendant must have certain minimum contacts with the forum state such that the maintenance of suit does not offend traditional notions of fair play and substantial justice. *Anita's N.M. Style Mexican Food*, 201 F.3d at 317 (citing *International Shoe Co. v. Washington*, 326 U.S. 310, 316–17

7

(1945)). The Fourth Circuit has employed a three-part test to determine whether specific jurisdiction exists over a defendant: (1) the extent to which the defendant purposefully availed himself of the privilege of conducting activities in the forum state; (2) whether the plaintiff's claims arise out of those activities directed at the state; and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable. *Mitrano v. Hawes*, 377 F.3d 402, 407 (4th Cir. 2004). The contact must be "such that [the defendant] should reasonably anticipate being haled into court there." *Burger King v. Rudzewicz*, 471 U.S. 462, 474 (1985).[3]

Defendants argue this court lacks personal jurisdiction over them in that, "[b]ased on the face of the Complaint, Plaintiff merely alleges that the Defendants posted to internet websites from their shared home computer located in Franklin County, Ohio," further arguing that the complaint "is entirely void of allegations of conduct that took place in the State of South Carolina." [ECF No. 14-1 at 2]. Plaintiff responds that although she has alleged that "the defamation and negligence primarily took place online," she has also alleged that she suffered legal harm in South Carolina and that the

---

[3] In contrast to specific jurisdiction, a court can exercise general personal jurisdiction over a defendant where "the defendant's activities in the state must have been 'continuous and systematic.'" *Carefirst of Maryland, Inc. v. Carefirst Pregnancy Centers, Inc.*, 334 F.3d 390, 397 (4th Cir. 2003). There is no indication that the court can exercise general personal jurisdiction over Defendants in that there is no indication Defendants have "general," "persistent," "continuous[,] and systematic" contacts with South Carolina. *Id.*

8

comments were viewed by thousands of people, like herself, who are in South Carolina. [ECF No. 21 at 3].

In *Young v. New Haven Advoc.*, 315 F.3d 256, 258 (4th Cir. 2002), the Fourth Circuit addressed whether two Connecticut newspapers and their staff "subjected themselves to personal jurisdiction in Virginia by posting on the Internet news articles that, in the context of discussing the State of Connecticut's policy of housing its prisoners in Virginia institutions, allegedly defamed the warden of a Virginia prison." In so considering, the court asked "whether the [defendants] manifested an intent to direct their website content . . . to a Virginia audience." *Id.* at 263. The fact that a defendant's website can "be accessed anywhere, including Virginia, does not by itself demonstrate that the [defendant was] intentionally directing their website content to a Virginia audience." *Id.* "Something more than posting and accessibility is needed"—the "general thrust and content" of the online publications must "manifest an intent to target and focus on Virginia readers." *Id.*

Applying this standard in *Young*, the Fourth Circuit determined that a Virginia court could not exercise specific personal jurisdiction over the Connecticut newspapers. *Id.* at 263–64. The Fourth Circuit reasoned that (1) the "content of the websites [was] decidedly local, and neither newspaper's

9

website contain[ed] advertisements aimed at a Virginia audience," and (2) "Connecticut, not Virginia, was the focal point of the articles." *Id.*

Here, Plaintiff has not alleged that Defendants intentionally directed internet activity to South Carolina. Although Defendants are alleged to have named Plaintiff in the comments they published on their blog, there is no mention of South Carolina, nor any indication that Plaintiff is a South Carolina resident. Indeed, the primary comment in question identifies Plaintiff as having travelled from North Carolina, instead of South Carolina. *See, e.g., Vitale v. MiMedx Grp., Inc.*, C/A No. 3:19-00529-RBH, 2020 WL 528021, at *6 (D.S.C. Feb. 3, 2020) ("As to the MiMedx press release, Plaintiff has failed to establish that Petit expressly aimed his alleged defamatory comments at South Carolina or manifested an intent to target South Carolina readers, such that South Carolina can be said to be the focal point of the tortious activity. Petit's comments in the MiMedx press release do not specifically identify Plaintiff, do not mention South Carolina, and do not indicate that Plaintiff is a South Carolina resident. Petit's statements in the press release were general and concerned a number of employees, some of whom were specifically identified even though Plaintiff was not."); *Goldowsky v. Gareri*, C/A No. 4:17-2073-RBH-TER, 2018 WL 942278, at *4 (D.S.C. Jan. 29, 2018) ("Gareri used the website at issue here, www.GMTHeart.com, to warn doctors and investors about Plaintiff and his business practices.

10

Nothing on the website indicates that Gareri intended to direct his electronic activity into the State of South Carolina or to engage in business or other interactions within the state that would create a potential cause of action cognizable in the state. His inclusion of a link to the South Carolina Attorney General's office is insufficient to indicate that Gareri intended to direct his website to a South Carolina audience . . . ."), report and recommendation adopted, C/A No. 4:17-02073-RBH, 2018 WL 936382 (D.S.C. Feb. 16, 2018); see also *Hidria, USA, Inc. v. Delo*, 783 S.E.2d 839, 844 (S.A. Ct. App. 2016) ("we agree with the circuit court that the mere accessibility of the articles via the unilateral use of the Internet by someone located in South Carolina does not satisfy the traditional minimum contacts analysis under the facts of this case").[4]

When a court is an improper venue to hear a dispute and lacks personal jurisdiction over the defendants, 28 U.S.C. § 1406(a) authorizes this court to dismiss the action, or if it is in the interest of justice, transfer the case to an appropriate venue that would have personal jurisdiction. See *Porter v. Groat*, 840 F.2d 255, 257–58 (4th Cir. 1988) (stating 28 U.S.C. §

---

[4] Defendants additionally argues that venue is improper pursuant to Fed. R. Civ. P. 12(b)(3), and the undersigned agrees. The only connection between this district and this matter is that Plaintiff currently resides here. Plaintiff has not alleged that Defendants reside here or a substantial part of the events giving rise to her claims occurred here, and, as discussed above, there is another district in which the action may otherwise be brought. See 28 U.S.C.A. § 1391 (West).

1406(a) authorizes transfer "to any district, which would have had venue if the case were originally brought there, for any reason which constitutes an impediment to a decision on the merits in the transferor district but would not be an impediment in the transferee district"). The decision to transfer venue pursuant to 28 U.S.C. § 1406(a) rests within the sound discretion of the district court. *Nichols v. G.D. Searle & Co.*, 991 F.2d 1195, 1201 (4th Cir. 1993). "Section 1406(a) favors 'adjudications on the merits over dismissals' because of defects in personal jurisdiction." *Wright v. Zacky & Sons Poultry, LLC*, C/A No. 1:14-570, 2015 WL 2357430, at *8 (M.D.N.C. May 15, 2015) (citing *Jackson v. Leake*, C/A No. 1:05-00691, 2006 WL 2264027, at *10 (M.D.N.C. Aug. 7, 2006)). "Transfer had been deemed proper under section 1406 'when there is an obstacle-either incorrect venue, absence of personal jurisdiction, or both-to a prompt adjudication on the merits in the forum where originally brought.'" *Goldowsky v. Gareri*, C/A No. 4:17-2073-RBH-TER, 2018 WL 942278, at *5 (D.S.C. Jan. 29, 2018) (citing *Dubin v. United States*, 380 F.2d 813, 816 (5th Cir. 1967)), report and recommendation adopted, C/A No. 4:17-02073-RBH, 2018 WL 936382 (D.S.C. Feb. 16, 2018).

Based on the above, it is recommended that this action be transferred to the United States District Court for the Southern District of Ohio, allowing that court to address Defendants' additional arguments concerning whether Plaintiff fails to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

III. Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends denying without prejudice Defendants' motion to dismiss [ECF No. 14], allowing Plaintiff 30 days to properly serve Defendants, and transferring this case to the United States District Court for the Southern District of Ohio.

IT IS SO RECOMMENDED.

June 17, 2022                                      Shiva V. Hodges
Columbia, South Carolina                United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).