

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| NORMA D. LANE,<br>　　　Plaintiff,<br><br>vs.<br><br>GABRIELLE RENOIR-LARGE<br>and DANA DELANEY MATTHEWS,<br>　　　Defendants. | §<br>§<br>§<br>§　　Civil Action No. 0:22-1025-MGL<br>§<br>§<br>§<br>§<br>§ |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION,
ALLOWING PLAINTIFF THIRTY DAYS TO PROPERLY SERVE DEFENDANTS,
AND TRANSFERRING THIS CASE**

　　Plaintiff Norma D. Lane (Lane), proceeding pro se, filed negligence and defamation claims against Defendants Gabrielle Renoir-Large and Dana Delaney Matthews (collectively, Defendants).

　　This matter is before the Court for review of the Magistrate Judge's Report and Recommendation (Report) suggesting that Defendants' motion to dismiss be denied without prejudice, Lane be allowed thirty days to properly serve Defendants, and this case be transferred to the United States District Court for the Southern District of Ohio. The Report was made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(e) for the District of South Carolina.

　　The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the

Court.  *Mathews v. Weber*, 423 U.S. 261, 270 (1976).  The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).  The Court need not conduct a de novo review, however, "when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

The Magistrate Judge filed the Report on June 17, 2022, but the parties failed to file any objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).  Moreover, a failure to object waives appellate review.  *Wright v. Collins*, 766 F.2d 841, 845–46 (4th Cir. 1985).

After a thorough review of the Report and the record in this case under the standard set forth above, the Court adopts the Report to the extent it does not contradict this Order, and incorporates it herein.  Therefore, it is the judgment of the Court Defendants' motion to dismiss  is **DISMISSED WITHOUT PREJUDICE**,  Lane shall have thirty days from the date of the filing of this Order to properly serve Defendants, and this case is **TRANSFERRED** to the United States District Court for the Southern District of Ohio.

**IT IS SO ORDERED**.

Signed this 25th day of July, 2022, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

*****

NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.