UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

NORMA D. LANE,

        Plaintiff, :

  v.                                 Case No. 2:22-cv-02920
                                        Judge Sarah D. Morrison
                                        Magistrate Judge Kimberly A.
**GABRIELLE RENOIR-LARGE,** *et*       Jolson
*al.*,                                    :

        Defendants.

## OPINION AND ORDER

This matter is before the Court on Defendants' Motion to Dismiss Plaintiff's Complaint. (ECF No. 46.) Plaintiff Norma D. Lane has responded to the Motion (ECF No. 47) and Defendants filed a Reply Memorandum (ECF No. 48). The Motion is now ripe for decision.

For the reasons stated below, Defendants' Motion is **GRANTED**.

## I.    ALLEGATIONS IN THE COMPLAINT

According to the Complaint, Ms. Lane is a resident of Fort Mill, South Carolina and Defendants Gabrielle Renoir-Large and Dana Delaney Matthews are residents of Franklin County, Ohio. (ECF No. 1, PageID 1, ¶ 1, PageID 4, ¶¶ 1, 2.)

Ms. Lane alleges that Defendants have stalked and harassed her for years— this harassment has included accusations that Ms. Lane has engaged in serious crimes. (*Id.* PageID 1, ¶¶ 3, 4.) Specifically, in March 2022, Ms. Lane alleges that Defendant Renoir-Large libeled her by posting online statements accusing her of

attempting to murder Carl Ransbottom and murdering Ms. Lane's mother. (*Id.* PageID 5, ¶¶ 8, 11.) Ms. Lane has demanded a retraction. (PageID 6.)

Ms. Lane originally filed this action in the District Court for the District of South Carolina asserting claims for defamation and negligence. (ECF No. 28, PageID 95.) The matter was transferred to this Court in July 2022. (ECF Nos. 28–30.)

## II. MOTION TO DISMISS

### A. Standard of Review

Defendants seek dismissal of the Complaint in this matter for lack of subject matter jurisdiction and for failure to state a claim. Because the first basis of Defendants' Motion is dispositive, the Court need not address the second.

Federal Rule of Civil Procedure 12(b)(1) provides for dismissal when the court lacks subject matter jurisdiction. Without subject matter jurisdiction, a federal court lacks authority to hear a case. *Thornton v. S.W. Detroit Hosp.*, 895 F.2d 1131, 1133 (6th Cir. 1990). Motions to dismiss for lack of subject matter jurisdiction fall into two general categories: facial attacks and factual attacks. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). A facial attack under Rule 12(b)(1) "questions merely the sufficiency of the pleading[,]" and the trial court therefore takes the allegations of the complaint as true. *Gentek Bldg. Prod., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007) (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990)). To survive a facial attack, the complaint must contain a short and plain statement of the grounds for jurisdiction. *Rote v. Zel Custom Mfg. LLC*, 816 F.3d 383, 387 (6th Cir. 2016). A factual attack is a

challenge to the factual existence of subject matter jurisdiction. *Ritchie*, 15 F.3d at 598. No presumptive truthfulness applies to the factual allegations. *Glob. Tech., Inc. v. Yubei (XinXiang) Power Steering Sys. Co.*, 807 F.3d 806, 810 (6th Cir. 2015).

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). A complaint need not contain detailed factual allegations, but it must include more than labels, conclusions, and formulaic recitations of the elements of a cause of action. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

These standards apply even when the plaintiff is *pro se*. Although a *pro se* litigant is entitled to a liberal construction of her pleadings and filings, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), she still must do more than assert bare legal conclusions, and the "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005).

B. Analysis

The diversity statute requires that "the matter in controversy exceed[ ] the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). To defeat diversity jurisdiction, "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938) *see Basicomputer Corp. v. Scott*, 973 F.2d 507, 510

3

(6th Cir. 1992) (quoting *St. Paul Mercury Indem.*, 303 U.S. at 289). Generally, the amount claimed by the plaintiff in the complaint controls, as long as claimed in good faith. *St. Paul Mercury Indem.*, 303 U.S. at 288. Dismissal is proper, however, if the amount alleged in the complaint is not recoverable in the first instance:

> But if, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount, and that his claim was therefore colorable for the purpose of conferring jurisdiction, the suit will be dismissed.

*Id.* at 289.

Once the propriety of the amount in controversy is challenged, the party seeking to invoke the subject matter jurisdiction of the federal courts has the burden of proving its existence. *See id.* at 287 n. 10; *see also Spielman v. Genzyme Corp.*, 251 F.3d 1, 5 (1st Cir. 2001); *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); 15A Moore's Federal Practice § 102.107[1] (3d ed. 2023). In such a situation, a district court is not obliged to accept the plaintiff's allegations in the complaint regarding subject matter jurisdiction. Rather, when challenged, the plaintiff bears the burden of showing that there is no legal certainty that he or she cannot recover the applicable jurisdictional amount; plaintiff must show this with competent proof. *See* § 3702 Jurisdictional Amount—General Principles and the Legal Certainty Test, 14AA Fed. Prac. & Proc. Juris. (Wright & Miller) § 3702 (4th ed.); 15A Moore's Federal Practice § 102.107[1] (3d ed. 2023) ("plaintiff must demonstrate that there is a *possibility* of recovering more than the

4

jurisdictional minimum and must do so by a preponderance of the evidence supported by competent proof").

Therefore, Ms. Lane must establish that there is no legal certainty that her claim for relief is less than $75,000. She "may not stand on [her] pleadings but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction." *Weller v. Cromwell Oil Co.*, 504 F.2d 927, 930 (6th Cir. 1974).

In response to Defendants' Motion to Dismiss, Ms. Lane provided no explanation or facts supporting her assertion in her Complaint that "the amount in controversy exceeds the sum of $75,000.00." (*Compare* ECF No. 1, PageID 4, ¶ 3 *with* ECF No. 47.) Instead, she continues to rely on her conclusory allegation in the complaint, which is only a formulaic recitation of the diversity statute. (*See* ECF No. 1, PageID 4, ¶ 3.) She says in her response to the Motion to Dismiss only that she will be requesting

> legal costs, material costs, witness costs, and medical reimbursement for doctors and medications that were prescribed by the Plaintiffs's [*sic*] doctors after the onset of this very public attack. The Plaintiff has not accessed [*sic*] the money lost due to not being able to perform her duties as a notary but am sure it far exceeds the amount Plaintiff is seeking. How do you put a price on the excellent reputation of the Plaintiff and the loss of friendship(s) because of false information PUBLISHED on the Internet and read by thousands . . . .

(ECF No. 47, PageID 64.) But once Defendants challenged the amount in controversy, Ms. Lane was required to demonstrate that there is a possibility that she will recover more than $75,000 for reputational and other damages (exclusive of costs). *See Fanning v. Fox Meadow Farm, Inc.*, 164 F. Supp. 2d 921, 924 (E.D. Mich. 2001) ("A plaintiff should not be permitted to maintain litigation before a federal

5

court when the plaintiff initially asserts that the amount in controversy exceeds $75,000, but then refuses to disclose the evidence in support of that assertion . . . ."). Ms. Lane's failure to provide competent proof as to her potential damages means that this Court is without subject matter jurisdiction over her claims.

## III. LEAVE TO AMEND COMPLAINT

In her response to Defendants' Motion to Dismiss, Ms. Lane requests leave to amend her complaint if the Court determines that her pleadings are deficient. (ECF No. 47, PageID 66–67.) However, the Court is dismissing this action not because of a deficiency in the Complaint but because of Plaintiff's failure to establish there is no legal certainty she cannot recover the applicable jurisdictional amount. A federal court must have subject matter jurisdiction at the commencement of an action. *Jones v. Knox Expl. Corp.*, 2 F.3d 181, 183 (6th Cir. 1993). Ms. Lane cannot amend a complaint to remedy actual jurisdictional defects. *See id*. Given the record in this case, the Court finds that from the face of the pleadings that it is without subject matter jurisdiction over Ms. Lane's claims and the case will be **DISMISSED**.

## IV. CONCLUSION

The pending Motion to Dismiss (ECF No. 46) is **GRANTED**. The Clerk is **DIRECTED** to **TERMINATE** this case from the docket records of the United States District Court for the Southern District of Ohio.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**

6